# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| DEVIN DESHAUN FOUNTAIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:13CV00019 SNLJ |
| | ) |
| ROBERT WILSON, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Devin Fountain (registration no. 1169613), an inmate at Southeast Correctional Center, for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $1.00. See 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the

greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has filed a document stating that he has attempted to obtain a certified copy of his prison account statement but that the officials have refused to provide him with one. When a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances." Henderson v. Norris, 129 F.3d 481, 484 (8th Cir. 1997). In this instance, the Court will assess an initial partial filing fee of $1.00.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or

fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

## The Complaint

Plaintiff brings this action under 42 U.S.C. § 1983. Plaintiff alleges that he was denied due process in prison disciplinary proceedings. Plaintiff says that he was falsely accused of being involved in a disturbance and was given a major conduct violation by defendant Wilson. Plaintiff claims that defendant Davis interviewed him about the violation, and plaintiff says he requested that he be able to give a statement and call a witness. Plaintiff states that Davis refused.

Later, the adjustment board held a hearing on the violation. Defendant Meredith was part of the adjustment board. Plaintiff says he told Meredith that Wilson gave him a false conduct violation because he was upset with plaintiff. Plaintiff asserts that he was again denied the right to call witnesses to defend himself. Plaintiff alleges that he was given thirty days in disciplinary segregation as a result.

## Discussion

Plaintiff's claim that defendant gave him a false conduct violation is not actionable under § 1983. See Glick v. Sargent, 696 F.2d 413, 414 (8th Cir. 1983) (per curiam).

In order to determine whether plaintiff "possesses a liberty interest, [the Court must] compare the conditions to which [plaintiff] was exposed in segregation with those he . . . could 'expect to experience as an ordinary incident of prison life.'" Phillips v. Norris, 320 F.3d 844, 847 (8th Cir. 2003) (quoting Beverati v. Smith, 120 F.3d 500, 503 (4th Cir. 1997)). In this context, the Court "do[es] not consider the procedures used to confine the inmate in segregation." Id. (citing Kennedy v. Bankenship, 100 F.3d 640, 643 (8th Cir. 1996)). For plaintiff "to assert a liberty interest, he must show some difference between [the] conditions in segregation and the conditions in the general population which amounts to an atypical and significant hardship." Id. Plaintiff makes no such assertions in the complaint. As a result, plaintiff has failed to allege that defendants have infringed upon a constitutionally protected liberty interest, and the complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $1.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that plaintiff's motion for extension of time [ECF No. 6] and motion to appoint counsel [ECF No. 4] are **DENIED** as moot.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 26th day of February, 2013.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE